**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| | ) | **CASE NO.  19-02547-dd** |
| **IN RE:** | ) | **CHAPTER 7** |
| **MICHAEL JUDE PEREZ** | ) | |
| **KELLY ANNE PEREZ** | ) | **NOTICE OF MOTION FOR RELIEF** |
| **DEBTOR(s)** | ) | **FROM AUTOMATIC STAY** |
| | ) | **(11 U.S.C. § 362)** |

TO:  DEBTOR(S), TRUSTEE (if applicable) AND THOSE NAMED IN THE ATTACHED MOTION:

PLEASE TAKE NOTICE THAT a hearing will be held on the attached Motion on:

**Date:**    **July 23, 2019**
**Time:**    **9:00 AM**
**Place:**   **145 King Street, Room 225, Charleston, SC 29401**

Within 14 days after service of the attached Motion, the Notice of Motion, the Movant's Certification of Facts (and a blank Certification of Facts for applicable to service on pro se parties only), any party objecting to the relief sought shall:

1)    File with the Clerk a written objection to the 11 U.S.C. § 362 Motion;

2)    File with the Clerk a Certification of Facts;

3)    Serve on the Movant items 1 & 2 above at the address shown below; and

4)    File a certificate of such with the Clerk.

If you fail to comply with this procedure, you may be denied the opportunity to appear and be heard on this proceeding before the court.

DATE OF SERVICE:        June 26, 2019
MOVANT:                 Wells Fargo Bank, N.A.
ATTORNEY:               /s/ Travis Menk
                        Travis Menk, # 10686
                        Brock and Scott, PLLC
ATTORNEY'S ADDRESS:     8757 Red Oak Blvd., Suite 150
                        Charlotte, NC 28217
                        Phone: Ph: 704-369-0676
                        scbkr@brockandscott.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

|  |  |  |
|---|---|---|
| IN RE: | ) | **CASE NO. 19-02547-dd** |
|  | ) | **CHAPTER 7** |
| MICHAEL JUDE PEREZ | ) |  |
| KELLY ANNE PEREZ | ) | **MOTION FOR RELIEF** |
| DEBTOR(s) | ) | **FROM AUTOMATIC STAY** |
|  | ) | **(11 U.S.C. § 362)** |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

COMES NOW Wells Fargo Bank, N.A. (hereinafter "Movant"), a secured creditor in the above-captioned case, by and through counsel, Brock & Scott, PLLC, and moves this Court to enter an order granting its request for relief from the automatic stay imposed by 11 U.S.C. § 362(a) on the following grounds:

1.  That Wells Fargo Bank, N.A. is a secured creditor of the Debtor(s) and thus a party in interest.

2.  That the above-captioned Debtor(s) filed a petition seeking relief pursuant to Chapter 7 of the United States Bankruptcy Code in this District on or about May 9, 2019.

3.  The Debtor holds title to the real property (hereinafter "Collateral") described in that Mortgage recorded in the Pasco County Register of Deeds in Book 8113 at Page 135 and recorded on June 24, 2009 (hereinafter "Mortgage") with an address of 21428 Morning Mist Way, Land O Lakes, Flordia 34637. A copy of the Mortgage and Note are attached hereto and incorporated herein as Exhibit "A".

4.  Movant holds a Promissory Note secured by the Mortgage from the Debtor in the original principal amount of $143,355.00 and dated June 15, 2009 (hereinafter "Note").

5.  The Debtor has scheduled the value of the Collateral at $165,000.00.

6.  Upon information and belief, the approximate payoff due and owing to Movant as of June 12, 2019 is $201,466.80.

7.      Upon information and belief, per the Debtor's Schedules, Wilderness Lake Preserve HOA has a second lien mortgage on the property in the amount of $5,501.77.

8.      As a result of the averments in paragraphs 5 through 7, no equity exists in the subject property.

9.      Upon information and belief, the Debtor is surrendering his interest in the Collateral.

10.     As a result, Movant lacks adequate protection of its interest in the Collateral. By virtue of such lack of protection, good cause exists to lift the automatic stay imposed hereunder.  Otherwise, Movant will suffer irreparable harm with respect to Movant's interest in the Collateral.

11.     Movant agrees to waive any claim that may arise under 11 U.S.C. Section 503(b) or Section 507(b) as a result of this Order.  Movant further agrees that any funds realized from the foreclosure sale, in excess of all liens, costs, and expenses, will be paid to the Trustee.

WHEREFORE, Movant respectfully requests the entry of an Order:

1.      That modifies the automatic stay provisions of 11 U.S.C. § 362 and that allows Wells Fargo Bank, N.A. to immediately proceed to foreclose its security interest in the property described in Exhibit "A" annexed to this Motion and otherwise pursue any remedies available under state law to recover and liquidate its collateral;

2.      That waives the effect of Bankruptcy Rule 4001 (a)(3); and

3.    Provides for such other and further relief as the Court deems just and proper.

This, the 26th day of June 2019.

/s/ Travis Menk
Travis Menk, # 10686
Brock and Scott, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
Phone: Ph: 704-369-0676
scbkr@brockandscott.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | **CASE NO. 19-02547-dd** |
|  | ) | **CHAPTER 7** |
| **MICHAEL JUDE PEREZ** | ) |  |
| **KELLY ANNE PEREZ** | ) |  |
| **DEBTOR(s)** | ) | **CERTIFICATION OF FACTS** |
|  | ) |  |

In the above-entitled case, in which relief is sought by Wells Fargo Bank, N.A. from automatic stay provided by 11 U.S.C. § 362, I do hereby certify to the best of my knowledge the following:

1. <u>Nature of Movant's Interest</u>:  Movant holds the first mortgage on property located at 21428 Morning Mist Way, Land O Lakes, FL 34637.

2. Brief Description of Security Agreement (copy attached):  Mortgage

3. <u>Description of Property Encumbered by Stay (Include serial number, lot and block number, etc.</u>:

   > Lot 20, Block E, WILDERNESS LAKE PRESERVE PHASE III, according to the plat thereof, as recorded in Plat Book 53, Pages 102 through 112, of the Public Records of Pasco County, Florida.

4. <u>Basis for Relief</u>:  Lack of adequate protection. §362(d)(1) and (2). Property being surrendered.

5. <u>Prior Adjudication by Other Courts, copy attached (Decree of foreclosure, Order for possession, Levy of execution, etc., if applicable</u>:  N/A

6. <u>Valuation of Property, copy of Valuation attached</u>:

   | | |
   |---|---|
   | Fair Market Value | $165,000.00 |
   | Senior Liens: | $0.00 |
   | Movant's Lien: | $201,466.80 |
   | Other Liens: | $5,501.77 |
   | Wilderness Lake Preserve HOA | |
   | Net Equity | $0.00 |
   | Source/Basis of Value | Schedule |

7. <u>Amount of Debtor estimated equity (using figures from paragraph 6)</u>: $0.00

8. <u>Month and Year in which first direct post-petition payment came due to Movant (if applicable)</u>: N/A

9.     (a) <u>For Movant / Lienholder (if applicable): list or attach a list of all post-petition payments received directly from debtor(s), clearly showing date received, amount and month and year of which each such payment was applied.</u>[1]

(b) <u>For Objecting party (if applicable): list or attach a list of all post-petition payments included in the Movant's list from (a) above which objecting party disputes as having been made. Attach written proof of such payment(s) or a statement as to why such proof is not available at the time of filing this objection.</u>

10.     <u>Month and year for which post-petition account of Debtor(s) is due as of the date of this Motion:</u> May 2014 (Contractually)

Dated: June 26, 2019

/s/ Travis Menk
Travis Menk, # 10686
Brock and Scott, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
Phone: Ph: 704-369-0676
scbkr@brockandscott.com

---

[1]     This requirement may not be met by the attachment of a payment history generated by the Movant. Such attachment may be utilized as a supplement to a complete and detailed response to (9)(a) above, which should be shown on this certification.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: | ) | |
| **MICHAEL JUDE PEREZ** | ) | **CASE NO.  19-02547-dd** |
| **KELLY ANNE PEREZ** | ) | **CHAPTER 7** |
| **DEBTOR(s)** | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under penalty of perjury that he/she is over eighteen (18) years of age and that the MOTION FOR RELIEF FROM AUTOMATIC STAY, NOTICE OF MOTION, CERTIFICATION OF FACTS AND CERTIFICATE OF SERVICE in the above captioned case were this day served upon the below named persons by mailing, postage prepaid, first class mail a copy of such instrument to each person(s), parties, and/or counsel at the addresses shown below:

Michael Jude Perez
1943 Cross Swamp Road
Lodge, SC 29082

Kelly Anne Perez
1943 Cross Swamp Road
Lodge, SC 29082

Craig Joseph Poff
704 Prince Street
Beaufort, SC 29902

Kevin Campbell
P.O. Box 684
Mount Pleasant, SC 29465

This, the 26th day of June 2019.

Brock and Scott, PLLC

/s/ Travis Menk
Travis Menk, # 10686
Brock and Scott, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
Phone: Ph: 704-369-0676
scbkr@brockandscott.com

Exhibit A

Please Return To:
Shepard & Leskar, P.A.
100 NW 70th Ave.
Plantation, FL 33317

Return To:
First American RES
ATTN: Nationstar Mortgage Tracking
450 E. Boundary Street
Chapin, SC 29036

Rcpt:1250180   Rec: 112.00
DS: 501.90   IT: 286.71
06/24/09       Dpty Clerk

PAULA S. O'NEIL, PASCO CLERK & COMPTROLLER
06/24/09 02:22pm  1  of 13
OR BK **8113**   PG **135**

This document was prepared by:
Shanna McDaniel
NATIONSTAR MORTGAGE LLC
350 HIGHLAND DR, 1ST FL
FINAL DOCS
LEWISVILLE, TX 75067

[Space Above This Line For Recording Data]

State of Florida

## MORTGAGE

FHA Case No.

MIN

THIS MORTGAGE ("Security Instrument") is given on    JUNE 15, 2009
The Mortgagor is

   **Michael J Perez, a married man joined by his wife**
   **Kelly A. Perez**

, whose address is

21428 Morning Mist Way, Land O Lakes, FLORIDA 34637

("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as mortgagee. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
NATIONSTAR MORTGAGE LLC
("Lender") is organized and existing under the laws of    THE STATE OF DELAWARE      , and
has an address of 350 HIGHLAND DRIVE
          LEWISVILLE, TX 75067-4177          . Borrower owes Lender the principal sum of
ONE HUNDRED FORTY THREE THOUSAND THREE HUNDRED FIFTY FIVE & 00/100
                         Dollars (U.S. $    143,355.00   ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on    JULY 1, 2039
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns

FHA Florida Mortgage with MERS - 4/96
4N(FL) (0305).01          Amended 2/01
Page 1 of 9          Initials:
VMP Mortgage Solutions, Inc.

'MEMO-LEGIBILITY OF WRITING,
TYPING OR PRINTING UNSATIS-
FACTORY IN THIS DOCUMENT.'

OR BK **8113** PG **136**
                        2      of  13

of MERS, the following described property located in

                                                    PASCO                    County, Florida:
All that tract or parcel of land as shown on Schedule "A" attached hereto
which is incorporated herein and made a part hereof.

Parcel ID Number:
which has the address of        41426 Morning Mist Way                                            [Street]
          Land O Lakes                      [City], Florida   34637        [Zip Code] ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. Monthly Payment of Taxes, Insurance and Other Charges. Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Initials: _____

VMP -4N(FL) (0305).01                                    Page 2 of 9

OR BK **8113** PG **137**
3    of 13

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

OR BK **8113** PG **138**

4    of 13

5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

Initials: 

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

VMP4N(FL) (0306).01                                    Page 5 of 9                                    Initials: _____

OR BK **8113** PG **140**

6  of  13

11. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

VMP -4N(FL) (0305).01                               Page 8 of 9                               Initials: _____



OR BK **8113** PG **141**
7   of 13

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.**

**19. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**20. Attorneys' Fees.** As used in this Security Instrument and the Note, "attorneys' fees" shall include any attorneys' fees awarded by an appellate court.

**21. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

| ☐ Condominium Rider | ☐ Growing Equity Rider | ☒ Other [specify] |
| ☒ Planned Unit Development Rider | ☐ Graduated Payment Rider | LEGAL |

Initials: ___

OR BK **8113** PG **142**
8    of 13

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

X _____

X __Cynthia Basilicato__

_____ (Seal)
Michael J Perez                -Borrower

_____ (Seal)
Kelly A. Perez                 -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

-4N(FL) (0305).01                        Page 8 of 9

OR BK **8113** PG **143**
9    of 13

STATE OF FLORIDA,                    PASCO                    County ss:

The foregoing instrument was acknowledged before me this    JUNE 15, 2009            by
Michael J Perez    and Kelly A. Perez    *his wife*

who is personally known to me or who has produced
as identification

Notary Public



NOTARY PUBLIC
STATE OF FLORIDA
(407) 398-0153

TAMMY S CARPENTER
MY COMMISSION # DD530804
EXPIRES: Mar. 21, 2010
Florida Notary Service.com

-4N(FL) (0308).51                              Page 9 of 9

**EXHIBIT "A"**

OR BK **8113** PG **144**
10  of 13

Lot 20, Block E, WILDERNESS LAKE PRESERVE PHASE III, according to the plat thereof, as recorded in Plat Book 53, Pages 102 through 112, of the Public Records of Pasco County, Florida.

OR BK **8113** PG **145**
11    of 13

# PLANNED UNIT DEVELOPMENT RIDER

FHA Case No.

THIS PLANNED UNIT DEVELOPMENT RIDER is made this    **15th**    day of
**JUNE, 2009**    , and is incorporated into and shall be deemed to amend and
supplement the Mortgage, Deed of Trust or Security Deed ("Security Instrument") of the
same date given by the undersigned ("Borrower") to secure Borrower's Note ("Note") to

**NATIONSTAR MORTGAGE LLC**

("Lender") of the same date and covering the Property described in the Security Instrument
and located at:

**21428 Morning Mist Way, Land O Lakes, FLORIDA 34637**

[Property Address]

The Property Address is a part of a planned unit development ("PUD") known as

**WILDERNESS LAKE PRESERVES**

[Name of Planned Unit Development]

**PUD COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

A.  So long as the Owners Association (or equivalent entity holding title to
    common areas and facilities), acting as trustee for the homeowners,
    maintains, with a generally accepted insurance carrier, a "master" or "blanket"
    policy insuring the Property located in the PUD, including all improvements
    now existing or hereafter erected on the mortgaged premises, and such policy
    is satisfactory to Lender and provides insurance coverage in the amounts, for
    the periods, and against the hazards Lender requires, including fire and other
    hazards included within the term "extended coverage," and loss by flood, to
    the extent required by the Secretary, then: (i) Lender waives the provision in
    Paragraph 2 of this Security Instrument for the monthly payment to Lender of

FHA PUD Rider
VMP®
Wolters Kluwer Financial Services © 2008



Initials: _____

OR BK **8113** PG **146**
12   of 13

one-twelfth of the yearly premium installments for hazard insurance on the Property, and (ii) Borrower's obligation under Paragraph 4 of this Security Instrument to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy. Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage and of any loss occurring from a hazard. In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by this Security Instrument, with any excess paid to the entity legally entitled thereto.

B.  Borrower promises to pay all dues and assessments imposed pursuant to the legal instruments creating and governing the PUD.

C.  If Borrower does not pay PUD dues and assessments when due, the Lender may pay them. Any amounts disbursed by Lender under this paragraph C shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

FHA PUD Rider
VMP®
Wolters Kluwer Financial Services © 2008

VMP589U (0806).00
Page 2 of 3
Initials:

OR BK **8113** PG **147**

13  of 13

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.

_____ (Seal)
Michael J/Perez          -Borrower

_____ (Seal)
Kelly A. Perez           -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

FHA PUD Rider
VMP®
Wolters Kluwer Financial Services © 2008

VMP589U (0806).00
Page 3 of 3
Initials: ____



Recording Requested By:
WELLS FARGO BANK, N.A.

When Recorded Return To:



DEFAULT ASSIGNMENT
WELLS FARGO BANK, N.A.

PU BOX 1629
MINNEAPOLIS, MN  55440-9049

```
Rcpt:1558452      Rec: 10.00
DS: 0.00          IT: 0.00
10/23/13 E. Munguia, Dpty Clerk


PAULA S.O'NEIL,Ph.D.PASCO CLERK & COMPTROLLER
10/23/13 02:52pm   1   of 1
   OR BK 8948  PG 2725
```

---

## CORPORATE ASSIGNMENT OF MORTGAGE

**Pasco, Florida**
"PEREZ"

**MERS #**                     **SIS #: 1-888-679-6377**

Date of Assignment: October 16th, 2013
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR NATIONSTAR
MORTGAGE, LIMITED LIABILITY COMPANY, ITS SUCCESSORS AND ASSIGNS at BOX 2026 FLINT MI 48501,
1901 E VOORHEES ST STE C., DANVILLE, IL  61834
Assignee: WELLS FARGO BANK, NA at 1 HOME CAMPUS, DES MOINES, IA  50328
Executed By: MICHAEL J PEREZ, A MARRIED MAN JOINED BY HIS WIFE KELLY A. PEREZ  To: MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR NATIONSTAR MORTGAGE, LIMITED
LIABILITY COMPANY, ITS SUCCESSORS AND ASSIGNS
Date of Mortgage: 06/15/2009 Recorded:  06/24/2009  in Book/Reel/Liber: 8113 Page/Folio: 135 as Instrument No.:
                In the County of Pasco, State of Florida.

Property Address: 21428 MORNING MIST WAY, LAND O LAKES, FL  34637

    KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Mortgage having an original principal sum of $143,355.00 with interest, secured thereby, with all moneys now owing
or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the
covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee,
the Assignor's beneficial interest under the Mortgage.

    TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the
terms contained in said Mortgage.

    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR NATIONSTAR MORTGAGE,
LIMITED LIABILITY COMPANY, ITS SUCCESSORS AND ASSIGNS
On  10  17  13

By:
          Yves Akara Kenao
Assistant Secretary

STATE OF Minnesota
COUNTY OF Dakota

                                    Michelle Erin Wihren
On  10  17  13  , before me, _____ , a Notary Public in Dakota County in the
State of Minnesota, personally appeared ____Yves Akara Kenao____ , Assistant Secretary, personally
known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

____Michelle Erin Wihren____
Notary Expires: 1/31/2016

```
MICHELLE ERIN WIHREN
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2016
```
                                        (This area for notarial seal)

**PREPARED BY: WELLS FARGO BANK, N.A.**

**Florida**

# NOTE

FHA Case No.

THE STATE DOCUMENTARY TAX DUE ON THIS NOTE HAS BEEN PAID ON THE MORTGAGE SECURING THIS INDEBTEDNESS.

JUNE 15, 2009
[Date]

21428 Morning Mist Way, Land O Lakes, FL 34637
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means NATIONSTAR MORTGAGE LLC

and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of ONE HUNDRED FORTY THREE THOUSAND THREE HUNDRED FIFTY FIVE & 00/100

Dollars (U.S. $        143,355.00        ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of  FOUR AND 750/1000 percent (        4.750        %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

(A)  Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on AUGUST 1, 2009        . Any principal and interest remaining on the first day of JULY, 2039        , will be due on that date, which is called the "Maturity Date."

(B)  Place

Payment shall be made at P.O. BOX 199400, DALLAS, TX  75219-9077        or at such place as Lender may designate in writing by notice to Borrower.

(C)  Amount

Each monthly payment of principal and interest will be in the amount of U.S. $        747.81        . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

FHA Florida Fixed Rate Note - 10/95

VMP-1R(FL) (0404).01        Amended 10/98

VMP Mortgage Solutions, Inc. (800)521-7291

Page 1 of 3        Initials: 

**(D)** **Allonge to this Note for payment adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge    ☐ Growing Equity Allonge    ☐ Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY

**(A)** **Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of **FOUR & 00/100** percent ( **4.00** %) of the overdue amount of each payment.

**(B)** **Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C)** **Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety

or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)          _____ (Seal)
Michael J Perez                -Borrower                                      -Borrower

_____ (Seal)          _____ (Seal)
                               -Borrower                                      -Borrower

_____ (Seal)          _____ (Seal)
                               -Borrower                                      -Borrower

_____ (Seal)          _____ (Seal)
                               -Borrower                                      -Borrower

*[Sign Original Only]*

VMP-1R(FL) (0404).01                    Page 3 of 3

ALLONGE ATTACHED
FOR THE PURPOSE OF
SIGNING THE NOTE

**ALLONGE TO NOTE**

**LOAN NUMBER:**

**ALLONGE TO NOTE DATED:**          6/15/2009

**LOAN AMOUNT:**          143,355.00

ALLONGE ATTACHED
FOR THE PURPOSE OF
ENDORSING THE NOTE

**PROPERTY ADDRESS:**

        21428 Morning Mist Way
        Land O Lakes, FLORIDA 34637

**IN FAVOR OF:**

        NATIONSTAR MORTGAGE LLC

**AND EXECUTED BY:**

        Michael J Perez

PAY TO THE ORDER OF:

Wells Fargo Bank, N.A.

WITHOUT RECOURSE
PAY TO THE ORDER OF

WELLS FARGO BANK, N.A.

By _____
        Scott M. Swanson
        Assistant Vice President

**WITHOUT RECOURSE:**

        NATIONSTAR MORTGAGE LLC

**BY:** _____

        LISA F. COOPER

**TITLE:**    DOCUMENT SIGNER

**DATE:**

        JUN 1 8 2009